## Falk v. Jasupat-Duke Corporation

*Robert Ruppin,* for plaintiff.

*May, Grove & Stork* and *Theodore L. Brubaker,* for defendants.

JOHNSTONE, J., October 22, 1965.—In this action in assumpsit, plaintiff seeks to recover in count one from Jasupat-Duke Corporation (Jasupat), and its agent, Binkele Construction Corporation (Binkele), and in count two from Binkele Construction Corporation as general contractor, the balance of $6,851.96 claimed to be due under a contract whereby plaintiff furnished the plumbing and heating for a six-story apartment building erected for Jasupat. In the separate answers filed by defendants, Jasupat denied that Binkele was acting as its agent and averred that Binkele was its general contractor, and Binkele denied that it was Jasupat's general contractor and averred that it was acting as Jasupat's agent. In addition, Jasupat filed a counterclaim, in which it is alleged that some of the work was not done in a good and workmanlike manner and that it will cost an estimated $21,000 to make the necessary corrections.

Preliminary objections have been filed by plaintiff to the answer and counterclaim filed by Jasupat. In considering the preliminary objections, we will accept as true all facts well pleaded in the answer and counterclaim, but will ignore any conclusions of law: Clark v. Allen, 415 Pa. 484. Argument has been heard by the court en banc.

A careful reading of the pleadings and briefs in this case lead us to the conclusion that an amended answer and counterclaim must be filed in order to present properly Jasupat's position. We have no trouble in understanding the allegations of poor workmanship in the answer when read in the light of the specific allega-

tions in the counterclaim. We do not believe it is necessary to point out specific sections of the building code and of the plans and specifications. However, in an amended answer it will not place any unnecessary burden on defendant to do so.

So far as the estimate for correcting the poor workmanship is concerned, we do not consider it necessary that plaintiff knows who made the estimate, but we are of the opinion that plaintiff is entitled to a breakdown of each item requiring correction. It is never necessary to plead evidence, but sufficient facts must be pleaded in order that an intelligent answer may be made. In this case, plaintiff is entitled to know what labor and materials are necessary to correct the poor workmanship.

The most serious difficulty arises in the counterclaim by Jasupat, which comes after an answer alleging that only the general contractor, Binkele, is responsible for any balance due plaintiff. If Binkele was the general contractor, then the only party responsible to plaintiff would be Binkele, the party with whom he dealt. Never having contracted with Jasupat, plaintiff has no basis upon which to recover against Jasupat, and Jasupat has no claim against plaintiff for any failure to perform properly his contract with Binkele. Plaintiff, however, has, under Pennsylvania Rule of Civil Procedure 1020 (c), pleaded alternatively that either Jasupat, as principal, or Binkele, as general contractor, is liable to him.

Jasupat, in order to plead a counterclaim, must also plead in the alternative and say that if Binkele be determined to be the general contractor, then there is no liability on the part of Jasupat, or if Jasupat be determined to be the principal and Binkele the agent, then plaintiff is indebted to Jasupat for the difference between the amount due plaintiff and the cost of correcting the poor workmanship. Jasupat has not done

this in its answer and counterclaim and, therefore, has no standing to enforce a counterclaim against a party with whom there is no privity of contract.

And now, October 22, 1965, the preliminary objections filed by plaintiff to the answer and counterclaim of Jasupat-Duke Corporation are sustained to the extent set forth in this opinion, and leave is granted to defendant to file an amended answer and counterclaim within 20 days.